# GIBBONS

JOHN J. GIBBONS FELLOWSHIP IN
PUBLIC INTEREST & CONSTITUTIONAL LAW

HONORABLE JOHN J. GIBBONS

LAWRENCE S. LUSTBERG
DIRECTOR

BENJAMIN YASTER
ANA MUÑOZ
AVI FREY*

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Phone: 973.596.4500

*only admitted to practice in NY and TN

MEMO ENDORSED

March 4, 2016

**VIA CMECF**

Honorable Richard Sullivan
United States District Judge
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-7-16

Re: *Everytown v. Bureau of Alcohol, Tobacco, and Firearms*, 15cv5791

Dear Judge Sullivan,

I write in response to the Court's order of February 23, 2016 dismissing and closing this case without prejudice. As explained in further detail below, Plaintiff respectfully requests that this Court restore this action to its active docket, for two reasons: First, reopening the case will ensure that this Court retains jurisdiction to address the merits of this dispute should officials at the Department of Justice and the Bureau of Alcohol, Tobacco and Firearms reject the preliminary agreement reached by counsel of record in this case. Second, counsel are also endeavoring to reach an agreement on attorney's fees and restoring this action would allow that negotiation to continue without the cost of a burdensome and potentially unnecessary fee litigation.

*First*, as was mentioned in our last letter to this Court, counsel have reached a preliminary (but not final) agreement. Specifically, the Government has tentatively agreed to release some portion of the documents sought and Plaintiff has agreed to withdraw its request for others in exchange. That agreement, however, has not been reduced to writing or signed by both parties. More specifically, the Government has made clear that any agreement must be approved by senior officials at both the Department of Justice and the Bureau of Alcohol, Tobacco, and Firearms. That approval process has not yet begun and it is unclear how long it will take. Should this Court fail to reopen the case, and should senior government officials reject the terms of the preliminary settlement sometime after March 24th, Plaintiff will be forced to start from square one and re-file this case anew. Beyond the burden that filing a new complaint will impose, restoring this case to the Court's active docket will ensure that any issues related to this matter come before this Court, which is fully familiar with this matter, rather than taxing a new judge with a new and unfamiliar case.

GIBBONS P.C.

Honorable Richard Sullivan
March 4, 2016
Page 2

*Second*, counsel for Plaintiff intend to seek attorney's fees for work performed on this case. *See* 5 U.S.C. § 552(a)(4)(E) (allowing for fee award where plaintiff "substantially prevailed" in the case, including by "voluntary or unilateral change in position by the agency"). Counsel are engaged in separate discussions regarding attorney's fees and hope to settle the matter in lieu of costly and burdensome fee litigation. Under Fed. R. Civ. P. 54(d)(2), however, counsel must file a motion for fees within 14 days of entry of judgment. If this case is not restored to the active docket, Plaintiff will be forced to file a fee motion that negotiations may soon render moot. In addition, the required fee motion would be in a sense premature — because the parties settlement is not yet final, Plaintiff does not yet have any documents in hand, and the Court would not be able to assess the full extent to which Plaintiff has "substantially prevailed" as required by the statute. *See* 5 U.S.C. § 552(a)(4)(E).

For these reasons, Plaintiff respectfully requests that the Court restore this case to its active docket. Plaintiff proposes that parties submit an update to this Court on March 24, 2016 regarding the status of negotiations both on the substance of this lawsuit and on attorney's fees. The Government has informed plaintiff's counsel that it takes no position with respect to this request.

If the Court has any questions or concerns, please do not hesitate to call me. Thank you for Your Honor's kind consideration of this matter.

Respectfully submitted,

/s/ Ana Muñoz
Ana Muñoz
Gibbons P.C.

Cc: Louis Pellegrino, Assistant United States Attorney
    Counsel for Defendant

```
IT IS HEREBY ORDERED THAT the 30-day period set forth in
the Court's February 23, 2016 Order (Doc. No. 23) shall be
extended for an additional 90-day period; accordingly, up
through June 22, 2016, any party may file a letter with the
Court requesting to restore this action to the docket with
an explanation for the request. In light of this extended
deadline, this case shall remain closed pursuant to the
Court's February 23 Order. (Id.)
```

SO ORDERED

3/7/16

RICHARD J. SULLIVAN
U.S.D.J.